USDC SCAN INDEX SHEET










```
AXC    8/10/00    13:34
3:00-CV-01354   DIRECTED ELECTRONICS V. SOUND SOURCE
*4*
*ANS.*
```

```
1   RUSS, AUGUST, KABAT & KENT
    Laura K. Stanton, State Bar No. 092951
2   Larry C. Russ, State Bar No. 082760          00 AUG 10 AM 10: 31
    12424 Wilshire Boulevard, Suite 1200
3   Los Angeles, California 90025
    Telephone: (310) 826-7474
4   Facsimile:  (310) 826-6991                          DEPUTY

5   Attorneys for Defendants
    Sound Source Enterprises, Inc., Navid Hadim
6   an individual, dba Beverly Hills Custom Sound
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTED ELECTRONICS, INC., a California corporation<br>Plaintiff,<br><br>vs.<br><br>SOUND SOURCE ENTERPRISES, INC., a California corporation; and NAVID HADIM, an individual, doing business as BEVERLY HILLS CUSTOM SOUND,<br><br>Defendants. | Case No. 00 CV 01354 B (LAB)<br><br>**ANSWER OF SOUND SOURCE ENTERPRISES, INC. AND NAVID HADIM DOING BUSINESS AS BEVERLY HILLS CUSTOM SOUND TO COMPLAINT OF DIRECTED ELECTRONICS, INC.; DEMAND FOR JURY TRIAL**<br><br>Original Complaint Filed:<br>July 7, 2000 |

Defendants Sound Source Enterprises, Inc. and Navid Hadim, an individual doing business as Beverly Hills Custom Sound ("Defendants") hereby answer the Complaint of Plaintiff Directed Electronics, Inc. (hereinafter "Directed") and admit, deny and allege as follows:

1. Answering paragraph 1, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

2. Answering paragraph 2, Defendants admit that Defendant Sound Source Enterprises, Inc. is a California corporation located at 263 South LaCienega Boulevard, Los Angeles, California 90211, Navid Hadim is an individual who does business as Beverly Hills Custom Sound located at 263 South LaCienega Boulevard, Los Angeles, California 90211 and



2212.01 Answer2Comp

1    ANSWER TO COMPLAINT ; DEMAND FOR JURY TRIAL

that Navid Hadim is the president of Sound Source Enterprises, Inc. Except as admitted, Defendants deny generally and specifically each and every other allegation contained in this paragraph.

3. Answering paragraph 3, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

4. Answering paragraph 4, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

5. Answering paragraph 5, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

6. Answering paragraph 6, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

7. Answering paragraph 7, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

8. Answering paragraph 8, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

9. Answering paragraph 9, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

10. Answering paragraph 10, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

11.   Answering paragraph 11, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

12.   Answering paragraph 12, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

13.   Answering paragraph 13, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

14.   Answering paragraph 14, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

15.   Answering paragraph 15, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

16.   Answering paragraph 16, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

17.   Answering paragraph 17, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

18.   Answering paragraph 18, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

19.   Answering paragraph 19, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

RUSS, AUGUST, KABAT & KENT

20. Answering paragraph 20, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

21. Answering paragraph 21, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

22. Answering paragraph 22, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

23. Answering paragraph 23, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

24. Answering paragraph 24, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

25. Answering paragraph 25, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

26. Answering paragraph 26, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

27. Answering paragraph 27, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

28. Answering paragraph 28, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

29. Answering paragraph 29, Defendants lack information and belief sufficient to answer these allegations and, on this basis, deny generally and specifically each and every allegation contained in this paragraph.

30. Answering paragraph 30, Defendants deny generally and specifically each and every allegation contained in this paragraph.

31. Answering paragraph 31, Defendants deny generally and specifically each and every allegation contained in this paragraph.

32. Answering paragraph 32, Defendants deny generally and specifically each and every allegation contained in this paragraph.

33. Answering paragraph 33, Defendants deny generally and specifically each and every allegation contained in this paragraph.

34. Answering paragraph 34, Defendants deny generally and specifically each and every allegation contained in this paragraph.

35. Answering paragraph 35, Defendants deny generally and specifically each and every allegation contained in this paragraph.

36. Answering paragraph 36, Defendants deny generally and specifically each and every allegation contained in this paragraph.

37. Answering paragraph 37, Defendants deny generally and specifically each and every allegation contained in this paragraph.

38. Answering paragraph 38, Defendants incorporate herein by reference their answers to paragraphs 1 through 37 of this Answer as though fully set forth herein.

39. Answering paragraph 39, Defendants admit that a copy of a dealer agreement is attached as Exhibit K to the Complaint and deny generally and specifically each and every other allegation contained in this paragraph.

40. Answering paragraph 40, Defendants deny generally and specifically each and every allegation contained in this paragraph.

41. Answering paragraph 41, Defendants deny generally and specifically each and every allegation contained in this paragraph.

42. Answering paragraph 42, Defendants deny generally and specifically each and every allegation contained in this paragraph.

43. Answering paragraph 43, Defendants deny generally and specifically each and every allegation contained in this paragraph.

44. Answering paragraph 44, Defendants deny generally and specifically each and every allegation contained in this paragraph.

45. Answering paragraph 45, Defendants incorporate herein by reference their answers to paragraphs 1 through 44 of this Answer as though fully set forth herein.

46. Answering paragraph 46, Defendants deny generally and specifically each and every allegation contained in this paragraph.

47. Answering paragraph 47, Defendants deny generally and specifically each and every allegation contained in this paragraph.

48. Answering paragraph 48, Defendants deny generally and specifically each and every allegation contained in this paragraph.

49. Answering paragraph 49, Defendants deny generally and specifically each and every allegation contained in this paragraph.

50. Answering paragraph 50, Defendants deny generally and specifically each and every allegation contained in this paragraph.

51. Answering paragraph 51, Defendants admit that a copy of a dealer agreement is attached as Exhibit K to the Complaint and deny generally and specifically each and every other allegation contained in this paragraph.

52. Answering paragraph 52, Defendants deny generally and specifically each and every allegation contained in this paragraph.

53. Answering paragraph 53, Defendants deny generally and specifically each and every allegation contained in this paragraph.

54. Answering paragraph 54, Defendants deny generally and specifically each and every allegation contained in this paragraph.

55. Answering paragraph 55, Defendants incorporate herein by reference their answers to paragraphs 1 through 54 of this Answer as though fully set forth herein.

56. Answering paragraph 56, Defendants deny generally and specifically each and every allegation contained in this paragraph.

57. Answering paragraph 57, Defendants deny generally and specifically each and every allegation contained in this paragraph.

58. Answering paragraph 58, Defendants deny generally and specifically each and every allegation contained in this paragraph.

59. Answering paragraph 59, Defendants incorporate herein by reference their answers to paragraphs 1 through 58 of this Answer as though fully set forth herein.

60. Answering paragraph 60, Defendants deny generally and specifically each and every allegation contained in this paragraph.

61. Answering paragraph 61, Defendants deny generally and specifically each and every allegation contained in this paragraph.

62. Answering paragraph 62, Defendants deny generally and specifically each and every allegation contained in this paragraph.

63. Answering paragraph 63, Defendants deny generally and specifically each and every allegation contained in this paragraph.

64. Answering paragraph 64, Defendants incorporate herein by reference their answers to paragraphs 1 through 63 as though fully set forth herein

65. Answering paragraph 64, Defendants deny generally and specifically each and every allegation contained in this paragraph.

66. Answering paragraph 65, Defendants deny generally and specifically each and every allegation contained in this paragraph.

67. Answering paragraph 66, Defendants deny generally and specifically each and every allegation contained in this paragraph.

68. Answering paragraph 67, Defendants incorporate herein by reference their answers to paragraphs 1 through 67 of this Answer as though fully set forth herein.

69. Answering paragraph 68, Defendants deny generally and specifically each and every allegation contained in this paragraph.

70. Answering paragraph 70, Defendants admit that a copy of a dealer agreement is attached as Exhibit K to the Complaint.

71. Answering paragraph 71, Defendants deny generally and specifically each and every allegation contained in this paragraph.

72. Answering paragraph 72, Defendants deny generally and specifically each and every allegation contained in this paragraph.

73. Answering paragraph 73, Defendants deny generally and specifically each and every allegation contained in this paragraph.

74. Answering paragraph 74, Defendants deny generally and specifically each and every allegation contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each and every claim for relief contained therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Directed has caused its own injury to the extent it has suffered any.

### THIRD AFFIRMATIVE DEFENSE

3. Directed's claims are barred by the applicable statutes of limitations and doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Directed's claims are barred by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. Directed's claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6. Directed's claims are barred by the doctrine of inequitable conduct.

### SEVENTH AFFIRMATIVE DEFENSE

7. Directed's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8. Directed's claims are barred by the First Sale Doctrine.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants have not infringed that patents in suit whether by direct infringement, contributory infringement or induced infringement and have no liability for infringement.

### TENTH AFFIRMATIVE DEFENSE

10. None of the patents in suit have been infringed whether under U.S.C. § 271(a), § 271(b), § 271(c), § 271(f) and/or § 271(g). Nothing in the insertion of the Ninth and Tenth Affirmative Defenses is to be construed as a waiver that Directed has the burden of proof on the issue of infringement.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The alleged contracts which are alleged in the Complaint are void and unenforceable due to, *inter alia*, lack of consideration, lack of mutuality, ambiguity, uncertainty, unconscionability and violation of statutory and case law.

### TWELFTH AFFIRMATIVE DEFENSE

12. The patents in suit are invalid and unenforceable due to patent misuse in that Directed's conduct, including but not limited to, its attempt to assert control as to the use of the products beyond the first sale, violates federal and state antitrust laws.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Directed is barred from relief, in whole or in part, by the provisions of 35 U.S.C. § 286.

RUSS, AUGUST, KABAT & KENT

WHEREFORE, Defendants prays for justice as follows:

1. The Plaintiff take nothing by way of its Complaint;
2. That Defendants recover reasonable attorneys' fees;
3. That Defendants recover costs of suit; and
4. For such other and further relief as the Court may deem just and proper.

DATED: August 7, 2000

RUSS, AUGUST, KABAT & KENT
Laura K. Stanton
Larry C. Russ

By: _____
Laura K. Stanton
Attorneys for Defendants
Sound Source Enterprises, Inc., and Navid Hadim, an individual, dba Beverly Hills Custom Sound

2212.01 Answer2Comp

10   ANSWER TO COMPLAINT ; DEMAND FOR JURY TRIAL

## JURY TRIAL DEMAND

Defendants Sound Source Enterprises, Inc. and Navid Hadim, an individual, doing business as Beverly Hills Custom Sound, hereby demand trial by jury of all issues triable by jury in this action.

DATED: August 7, 2000

RUSS, AUGUST, KABAT & KENT
Laura K. Stanton
Larry C. Russ

By: _____
Laura K. Stanton
Attorneys for Defendants

2212.01 Answer2Comp

11   ANSWER TO COMPLAINT ; DEMAND FOR JURY TRIAL

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 12424 Wilshire Boulevard, Suite 1200, Los Angeles, California 90025.

On August 9, 2000 I caused to be served the foregoing document described as **ANSWER OF SOUND SOURCE ENTERPRISES, INC. AND NAVID HADIM DOING BUSINESS AS BEVERLY HILLS CUSTOM SOUND TO COMPLAINT OF DIRECTED ELECTRONICS, INC.; DEMAND FOR JURY TRIAL** on interested parties in this action

☐ by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☑ by placing ☐ the original ☑ a true copy thereof enclosed in sealed envelopes addressed as follows:

Stephen S. Korniczky, Esq.
Kristen E. Caverly, Esq.
BROBECK, PHLEGER & HARRISON, LLP
12390 El Camino Real
San Diego, California 92130-2081

☑ BY MAIL

☐ I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☑ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE

☐ I delivered such envelope by hand to the offices of the addressee.

☐ State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑ Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 9, 2000 at Los Angeles, California.

*Paulina Goffin*
Paulina Goffin

2212.01 POS/Mail